IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | |
|---|---|
| -------------------------------------------------- : | |
| JOHN DOE, | : CASE NO. 1:05 CV 0031 |
| | : |
| Plaintiff | : |
| | : |
| -vs- | : <u>ORDER GRANTING DEFENDANT'S</u> |
| | : <u>MOTION TO DISMISS</u> |
| | : |
| CITY OF SHAKER HEIGHTS, et al. | : |
| | : |
| Defendants. | : |
| -------------------------------------------------- | |

UNITED STATES DISTRICT JUDGE LESLEY WELLS


        This matter arose from a traffic incident on 4 November 2002, after which

plaintiff John Doe[1] was arrested and charged with criminal assault against defendant,

Mark Averbach.  As a result of Mr. Doe's arrest and subsequent prosecution, coupled

with the City of Shaker Heights' ("City") failure to pursue Mr. Doe's alleged[2] assault

complaint against Mr. Averbach, Mr. Doe brought a three-count claim in this Court,

pursuant to 42 U.S.C. §1983,[3] against the City; one of its detectives, Richard

Mullaney; an unnamed City investigator; and Mark Averbach.

_____

        [1]As will be discussed further, the plaintiff has chosen to file his complaint under
the anonymous name "John Doe," rather than under his given name.

        [2]The Court has no evidence of this complaint in its record.

        [3]Count One alleges false arrest, malicious prosecution, and abuse of process;
Count Two alleges selective enforcement of the law, as well as equal protection and due
process violations; and Count Three alleges deprivation of Constitutional rights by state
actors acting in concert with a private citizen, all under §1983..

Before the Court is defendant, Mark Averbach's, motion to dismiss, in which he argues: 1) the Court should not entertain a case filed by an anonymous plaintiff and 2) if it were to do so, the plaintiff has failed to state a claim under §1983 for which relief may be granted.[4]  (Docket #5).  An opposition and reply were filed by Mr. Doe and Mr. Averbach, respectively.  (Docket #7 and #9).

For the reasons set forth below, the Court will dismiss Mr. Doe's complaint.

## I.  BACKGROUND

When determining a 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court must accept as true all factual allegations in the complaint.  <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 164 (1993).

On 4 September 2002, as both plaintiff and defendant were driving north on Warrensville Center Road in Shaker Heights, Ohio, Mr. Doe observed Mr. Averbach recklessly driving the car in front of him.  (Complaint ¶6).  After further observation, and allegedly to avoid additional danger to other drivers, Mr. Doe decided to pass the defendant on the inside lane and cut him off at the intersection they were approaching. (Complaint ¶¶7, 8).  Mr. Doe did so, and when he exited his car and approached the defendant's stopped vehicle, allegedly to check on its driver's well-being, he claims

---

[4]The defendant also argues that the Court should not hear this case due to a personal injury claim, arising from the same traffic incident, that is pending in State court. Because the Court is dismissing on other grounds, it does not need to address this issue.

2

Mr. Averbach shouted at him.  (Complaint ¶10).  According to Mr. Doe, Mr. Averbach then opened his own car door so as to strike Mr. Doe, exited the vehicle, and "then forcefully placed both of his hands around [Mr. Doe's] neck," "choking and shaking" him "until bystanders came and watched the two drivers separate."  (Complaint ¶10). According to Mr. Doe, Mr. Averbach then quickly drove off.  (Complaint ¶14).

Mr. Doe claims he did not have a cell phone with which to telephone police from the scene; he, therefore, proceeded to the University Heights Police Department to make a complaint.  There he was told it was Shaker Heights Police Department that had jurisdiction over the intersection at issue.  (Complaint ¶ ¶13, 14).  Instead of going to the Shaker Heights Police Department at that time, Mr. Doe proceeded to his workplace to begin seeking medical attention for the head, neck, and back injuries he claims he sustained as a result of the incident. (Complaint ¶15).

The following day, 4 November 2002, Mr. Doe appeared at the Shaker Heights Police Department and claims he filed a complaint against Mr. Averbach,[5] recounting the above facts and indicating that he never "struck [Mr. Averbach] or physically assaulted [him] in any way."  (Complaint ¶17).

Approximately eight weeks later, the Shaker Heights Police Department contacted Mr. Doe, and told him to return to the station, where he was informed that Mr. Averbach had filed criminal assault charges against him.  (Complaint ¶18).  On 6 January 2003, Mr. Doe was arrested, booked, and bonded.  (Complaint ¶19). Eventually, the City prosecutor reduced the charge against Mr. Doe to disorderly

---

[5] *Supra*, note 2.

3

conduct, to which Mr. Doe pled "no context" [sic] to, he claims, avoid the additional

financial, professional, and emotional costs of pursuing a jury trial.  (Complaint ¶¶21,

22).

Mr. Doe claims the City of Shaker Heights "police/or city prosecutor" failed to

pursue his complaint against Mr. Averbach, despite alleged statements of the female

passenger in Mr. Averbach's vehicle, who witnessed the November 4th incident and

whose testimony, Mr. Doe states, "was not able to support the charges against the

plaintiff."  (Complaint ¶¶23, 24).  To underscore his argument, Mr. Doe also claims

that Mr. Averbach, who allegedly indicated on the date of jury trial that he "was a

lawyer who either had worked and/or was working for the City of Shaker Heights,"

(Complaint ¶20), did not seek medical treatment for his stated injury and filed his

complaint only after Mr. Doe had filed his own.  (Complaint ¶27).

Mr. Doe now alleges that Mr. Averbach "acted in concert" with City officials "to

deprive [Mr. Doe] of his fundamental civil rights."  (Complaint ¶45).


## II.  LAW AND ANALYSIS

### A.  Unnamed Plaintiffs

Federal Rule of Civil Procedure 10(a) requires a complaint to "include the

names of all the parties" in its title.  Fed.R.Civ.P. 10(a).  Courts have decided,

however, that parties who have particularly compelling privacy concerns may file a

motion with the court, seeking a protective order permitting them to proceed under a

fictitious name.  Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004).  In determining

whether or not to grant such a protective order, a court will weigh the petitioner's privacy concerns and determine whether such concerns "substantially outweigh the presumption of open judicial proceedings." Id.

Where a party fails to seek leave of the court to proceed anonymously, the Sixth Circuit, in an unpublished opinion, has followed the Tenth Circuit's position that such a failure "is fatal to an anonymous plaintiff's case, because ... 'the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.'" Citizens for a Strong Ohio v. Marsh, No. 04-3112, 123 Fed.Appx. 630, 637 2005 WL 14986 (6th Cir. 3 January 2005) (quoting Natn'l Commodity & Barter Ass'n, Natn'l Commodity Exch. v. Gibbs, 886 F.2d 1240, 1245 (10th Cir. 1989)).

In this case, there is no record of any request from Mr. Doe to proceed anonymously. On this fact alone, and in light of the Sixth's Circuit's position in Citizens for a Strong Ohio, Id., this Court might dismiss the plaintiff's complaints against all named defendants.

Even had the plaintiff filed a motion for a protective order to proceed anonymously, such a request would fail. In determining whether a petitioner's privacy concerns "substantially outweigh the presumption of open judicial proceedings," Porter, 370 F.3d at 560, the Court may consider a number of factors, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy;' (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. Id.

5

(citing <u>Doe v. Stegall</u>, 653 F.2d 180, 185-86 (5th Cir. 1981)).

Here, the plaintiff is not a child, nor has he identified any risk of either criminal prosecution or revelation of "information 'of the utmost intimacy.'"  Mr. Doe is concerned about his professional status; however, professional or economic concerns fall far short of the circumstances in which permission to proceed anonymously should be granted.[6]

Insofar as Mr. Doe's complaint questions the practices and procedures of the City police and prosecutors offices, it fails to raise any additional privacy concerns that would warrant the protective veil of anonymity.  Indeed, the plaintiff's identity is already revealed in a suit he filed in Cuyahoga County Court of Common Pleas, <u>Rafael Badri, M.D., et. al.  v. Mark D. Averbach, et. al.</u>, CV-03-513814,  for alleged personal injuries arising from the same traffic incident.

Having failed to overcome the presumption of open judicial proceedings, Mr. Doe's complaint will be dismissed without prejudice for lack of jurisdiction.

---

[6]See <u>Coe v. United States Dist. Court</u>, 676 F. 2d 411, 416 (10th Cir. 1982) (denying a medical doctor permission to proceed anonymously, where he was concerned about damage to his professional reputation) for an overview of these cases, noting not only that most have involved highly personal matters such as birth control, abortion, homosexuality, and so on, but also that these plaintiffs were "challenging the constitutional, statutory or regulatory validity of governmental activity" and in doing so, "many also had to admit that they either had violated state laws or government regulations or [that they] wished to engage in prohibited conduct."

**B. Application of Fed. R. Civ. P. 15(c)(3) & Statute of Limitations to Unnamed John Doe Defendant**

Even if this Court were found to have jurisdiction, it is clear that: 1) the plaintiff has exhausted any applicable time limit in which he could have named the unnamed defendant City investigator; and 2) defendant Mr. Averbach is not a state actor for the purposes of maintaining a §1983 action against him.  Accordingly, both Mr. Averbach and the unnamed defendant investigator will be dismissed.

For a change in party name to relate back to an original filing for the purposes of meeting the applicable statute of limitations,[7] Federal Rule of Civil Procedure 15(c)(3)[8] requires the party being named to have actual or constructive notice of the action, <u>Berndt v. Tennessee</u>, 796 F.2d 879 (6th Cir. 1986), as well as actual or constructive knowledge "that but for a mistake concerning identity ..., the action would have been brought against [him]."  Fed.R.Civ.P. 15(c)(3)(B).  The investigator has yet

---

[7]Mr. Doe filed his complaint on 6 January 2005, one day prior to the expiration of the limitations period on his claim. Since §1983 does not provide its own limitations period, federal courts must apply that of the most appropriate state statute, which the United States Supreme Court decided is that of personal injury actions. <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985).  Ohio Rev. Code §2305.10 sets the Ohio statute of limitations period for personal injury, and, therefore, for §1983 claims, at two years.

[8]Fed.R.Civ.P. 15(c)(3) states: "An amendment of a pleading relates back to the date of the original pleading when the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

7

to be identified.[9]  The investigator has not received notice, either actual or constructive, and any attempt to identify him would fail to constitute a "mistake in identity."[10]   Therefore, the plaintiff's action against this party would be time-barred.

## C.  Pleading Requirements for §1983 Claims

Count three of Mr. Doe's complaint is a §1983 claim against a private citizen/actor, defendant Mark Averbach.  In order for a private citizen to be liable under §1983, his/her actions must be so linked with the state and/or its officials as to constitute "state action."  Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982); Brentwood Acad. v. Tenn. Secondary Sch. Athletic Assoc., 531 U.S. 288 (2001).  Mr. Doe states that Mr. Averbach "acted in concert" with the City of Shaker Heights, its police detective and investigator, to "deprive [Mr. Doe] of his fundamental civil rights." (Complaint ¶¶ 45, 47).

Although the plaintiff is correct in noting in his response that there is no heightened pleading requirement for §1983 actions,[11] Leatherman, 507 U.S. 163, a complaint must meet the basic requirements of notice pleading in order to survive a

---

[9] The record shows no attempt by Mr. Doe to discover the investigator's identity.

[10] In determining whether a newly-named defendant "knew or should have known that but for a mistake concerning identity" he would have been named as a party, the Sixth Circuit has held that this requirement is not satisfied by the substitution of specific names for "unknown police officers," when that substitution is made via an amended complaint filed after the limitations period.  Cox v. Treadway, 75 F.3d 230, 240 (6th Cir.), cert. denied, 117 S.Ct. 78 (1996).

[11] Although counsel cites to "Leatherman, v. Tarrant.County, 755 F.Supp. 726. {1992} [sic]," a case which was overturned by the United States Supreme Court,  he does correctly articulate the rule of law on heightened pleading in §1983 actions.

8

12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  Id., at 168.

Fed. R. Civ. P. 8(a)(2) requires only that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."[12]  Despite this liberal pleading standard, the Court need not accept as true a legal conclusion couched as a factual allegation.  Papasan v. Allain, 478 U.S. 265, 268 (1986).  Mr. Doe's allegation that Mr. Averbach "acted in concert" with state officials is such a legal conclusion.

To establish a viable §1983 claim, a plaintiff must show both 1) the conduct complained of was committed by a person acting "under the color of state law," and 2) this conduct deprived the plaintiff of a right secured by the Constitution or laws of the United States.  Memphis, Tenn. Area Local, Am. Postal Workers Union, AFLO-CIO v. City of Memphis, 361 F.3d 898, 905 (6th Cir. 2004) (citing Flagg Bros., Inc. V. Brooks, 436 U.S. 149, 155 (1978)).  Because the plaintiff has failed to meet the "under color of state law" requirement, the Court need not address whether plaintiff was deprived of a right secured by the Constitution or laws of the United States.

For the action of a private citizen to be "under color of state law," it must be "fairly attributable to the State."  Lugar, 457 U.S., at 937.  The United States Supreme Court, in Lugar, established a two-part test to determine "fair attribution:" first, "the deprivation must be caused by the exercise of some right or privilege created by the

---

[12]Rule 9(b) states only two circumstances that require more particularized pleading: fraud and mistake. Fed. R. Civ. P. 9(b).

9

[s]tate or by a rule of conduct imposed by the state or by a person for whom the [s]tate is responsible;" second, "the party charged with the deprivation must be a person who may fairly be said to be a state actor."  Id.

For a private citizen to be deemed a "state actor" for §1983 liability, his or her conduct must, in some way be "chargeable to the [s]tate.  Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them."  Id.  All of the United States Supreme Court  tests on the issue point to circumstances in which the facts of a case and/or public policy[13] show that the state is acting "behind an individual face."[14]  Brentwood Acad., 531 U.S., at 295.

The entire substance of Mr. Doe's state actor allegation is that Mr. Averbach "acted in concert" with the state, "tacitly approv[ing] and together act[ing] in a unified manner to bring about false allegations and a malicious prosecution...."  (Complaint §45).  When the conclusory legal statements are removed, however, the only assertions Mr. Doe cites in support of his claim of joint activity are: 1) Mr. Averbach filed a criminal assault complaint, and 2) Mr. Averbach is an attorney "who either had

---

[13]See Polk County v. Dodson, 454 U.S. 312 (1981) (state action not found in the actions of a public defender, because although the attorney was a state employee, she served as the state's adversary, not its servant).

[14]Over time, the United States Supreme Court has articulated a number of different tests for determining what kind of relationship between private citizens and the state will transform a private actor into a state actor.  These tests include: the "public function" test, Marsh v. Alabama, 326 U.S. 501 (1946); the "nexus" test, Burton v. Wilmington Parking Authority, 365 U.S. 715 (1961); the "state compulsion" test, Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); the "joint action" test, Flagg Brothers, 436 U.S. 149 (1978); and, most recently, the "pervasive entwinement" test, Brentwood Acad., 531 U.S. 288 (2001).

worked and/or was working for the City of Shaker Heights." (Complaint ¶20). Neither of these assertions suggest that Mr. Averbach acted other than in his capacity as a private citizen.[15] As the <u>Lugar</u> court notes, "we do not hold today that 'a private party's mere invocation of state legal procedures constitutes 'joint participation' or 'conspiracy' with state officials satisfying the §1983 requirement of action under color of law.'" <u>Lugar</u>, 457 U.S., at 939 n. 21.

Given the absence of any allegations to the contrary, the Court finds that Mr. Doe has failed to allege facts sufficient to state a claim for which relief can be granted under §1983.

## IV. CONCLUSION

For the reasons set forth above, this matter is dismissed without prejudice.


IT IS SO ORDERED.

      /s/Lesley Wells
UNITED STATES DISTRICT JUDGE


Dated: <u>27 September 2005</u>

---

[15]As the First Circuit observed, "We are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." <u>O'Brien v. DiGrazia</u>, 544 F.2d 543, 546 n. 3 (1st Cir. 1976) <u>cert. denied</u>, 431 U.S. 914 (1977) (cited by <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436-37 (6th Cir. 1988)).